IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-422-D

RANDY R. ROMFO, )
)
        Plaintiff, )
)
v. ) **ORDER**
)
SCOTTSDALE INSURANCE COMPANY, )
)
        Defendant. )

On September 25, 2017, Scottsdale Insurance Company ("Scottsdale" or "defendant") moved to dismiss Randy Romfo's ("Romfo" or "plaintiff") complaint for failure to state a claim upon which relief can be granted [D.E. 9] and filed a memorandum in support [D.E. 10]. Scottsdale contends that the statute of limitations bars Romfo's breach of contract claim and that Romfo lacks standing to seek declaratory relief. On October 10, 2017, Romfo responded in opposition [D.E. 11]. On October 24, 2017, Scottsdale replied [D.E. 12]. As explained below, the court denies Scottsdale's motion to dismiss.

I.

On January 10, 2007, Romfo sued Stephen J. Witt ("Witt") and C&S Tree Service Inc. ("C&S Tree") in Wayne County Superior Court for negligence. See Compl. [D.E. 1-1] ¶¶ 7–8. Romfo alleged that he sustained severe injuries on January 30, 2004, due to Witt's negligent removal of a tree that occurred on a job site where Romfo was working as an independent contractor. See id. ¶¶ 8–9. On June 24, 2008, in Wayne County Superior Court, Witt and C&S Tree were found liable to Romfo. See id. ¶ 42. On August 11, 2008, Wayne County Superior Court conducted a hearing on damages, and on August 12, 2008, that court entered judgment against Witt and C&S

Tree in the amount of $1.5 million plus costs. See id. ¶¶ 43–44.

On June 1, 2017, the Wayne County Clerk of Court issued a writ of execution for the judgment. See id. ¶ 47. On June 30, 2017, the writ of execution was returned unsatisfied. See id. ¶ 49. Romfo then asked Scottsdale (who insured Witt on January 30, 2004) to pay the judgment and Scottsdale refused. See id. ¶¶ 49–50. Scottsdale's commercial general liability insurance policy provided coverage in the amount of $500,000 per occurrence and up to $5,000 for medical expenses. See id. ¶¶ 15–17.

Romfo seeks a declaratory judgment that Scottsdale is responsible for paying the judgment. See id. ¶ 53. Romfo also asserts a breach of contract claim. See id. ¶¶ 72–76. Both claims arise under North Carolina law. Romfo contends that Scottsdale breached its duties under the insurance policy, which required it to defend and indemnify Witt. See id. ¶ 73. Romfo states that he is an intended third-party beneficiary of the insurance policy and has suffered damages due to the breach of contract. See id. ¶ 74–75. Romfo requests relief for the entire amount of judgment entered against Witt plus interest and costs. See id. ¶ 76.

Scottsdale responds that the three-year statute of limitations under North Carolina law bars Romfo's breach of contract claim because the statute of limitations began to run on August 12, 2008, when Romfo obtained the judgment against Witt. See [D.E. 10] 4–5. Scottsdale also contends that Romfo lacks standing to seek declaratory relief because the statute of limitations bars his third-party beneficiary claim, and he has no direct cause of action under the insurance policy because he was not in privity with Scottsdale. See [D.E. 9] ¶¶ 3–4. Romfo replies that the three-year statute of limitations did not begin to run until the judgment against Witt was returned unsatisfied on June 30, 2017. See [D.E. 11] 5.

2

II.

This court has subject-matter jurisdiction based on diversity. Thus, the court applies state substantive law and federal procedural rules. See Erie R.R. v. Tompkins, 304 U.S. 64, 78–80 (1938); Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) tests the legal and factual sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). The court need not, however, accept as true a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd., 591 F.3d at 255. Moreover, this court can consider documents if they are integral to and explicitly relied on in the complaint, and their authenticity is undisputed. See Occupy Columbia v. Haley, 738 F.3d 107, 117 n.7 (4th Cir. 2013).

A motion to dismiss under Rule 12(b)(6) "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). Nevertheless, a district court may reach the merits of an affirmative defense "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." Id. (emphasis and alteration omitted). "A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense

appears on the face of the pleading, rendering dismissal appropriate." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996) (quotation omitted). Thus, failure to comply with the statute of limitations is "a recognized basis for dismissal" under Rule 12(b)(6). Evans v. Trinity Indus., Inc., 137 F. Supp. 3d 877, 881 (E.D. Va. 2015); see Brooks, 85 F.3d at 181; West v. ITT Cont'l Baking Co., 683 F.2d 845, 846 (4th Cir. 1982).

Scottsdale's motion to dismiss requires the court to consider the parties' state-law claims and defenses, and the parties agree that North Carolina law applies. Accordingly, this court must predict how the Supreme Court of North Carolina would rule on any disputed state-law issue. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365, 369 (4th Cir. 2005). In doing so, the court must look first to opinions of the Supreme Court of North Carolina. See Stahle v. CTS Corp., 817 F.3d 96, 100 (4th Cir. 2016). If there are no governing opinions from that court, this court may consider the opinions of North Carolina Court of Appeals, treatises, and "the practices of other states." Twin City Fire Ins. Co., 433 F.3d at 369 (quotation and citation omitted).[1] In doing so, this court "should not create or expand a [s]tate's public policy." Time Warner Entm't-Advance/Newhouse P'ship v. Carteret-Craven Elec. Membership Corp., 506 F.3d 304, 314 (4th Cir. 2007) (alteration and quotation omitted); see Wade v. Danek Med., Inc., 182 F.3d 281, 286 (4th Cir. 1999). Moreover, in predicting how the highest court of a state would address an issue that it has not yet resolved, this court must "follow the decision of an intermediate state appellate court unless there is persuasive data that the highest court would decide differently." Toloczko, 728 F.3d at 398 (quotation omitted).

Under North Carolina law, the statute of limitations for breach of contract is three years and

---

[1] North Carolina does not have a "mechanism . . . to certify questions of state law to its Supreme Court." Town of Nags Head v. Toloczko, 728 F.3d 391, 397–98 (4th Cir. 2013).

4

begins to run "as soon as the right to institute and maintain a suit arises." Penley v. Penley, 314 N.C. 1, 20, 332 S.E.2d 51, 62 (1985). Thus, the dispute about the statute of limitations turns on when Romfo's right to institute and maintain this action against Scottsdale arose.

In Taylor v. Green, the plaintiff sued the defendant for negligence arising from an automobile accident. 242 N.C. 156, 157, 87 S.E.2d 11, 12–13 (1955). The plaintiff sought to join the defendant's automobile insurer as a party defendant. See id. at 157–58, 87 S.E.2d at 13. The Supreme Court of North Carolina rejected the joinder and discussed why an insurer may not be made a party "in an action in tort against its insured." Id. at 158, 87 S.E.2d at 13. First, the Supreme Court of North Carolina observed that no privity exists between the insurer and the injured third party. See id. The Supreme Court of North Carolina then held that absent "an enabling statute . . . or a policy provision having that effect, the [third party] may not proceed against the insurer, at least not until he has secured a judgment against the insured with an execution thereon returned unsatisfied." Id., 87 S.E.2d. at 13; see Small v. Morrison, 185 N.C. 577, 118 S.E. 12, 12 (1923); Selective Ins. Co. v. Mid-Carolina Insulation Co., 126 N.C. App. 217, 220, 484 S.E.2d 443, 445 (1997). Thus, this court predicts that the Supreme Court of North Carolina would hold that Romfo's right to institute and maintain the action against Scottsdale arose on June 30, 2017, when the writ of execution was returned unsatisfied; therefore, the three-year statute of limitations does not bar the action.

In opposition to this conclusion, Scottsdale argues that Romfo's claim is barred by the statute of limitations because he had to sue Scottsdale within three years of August 12, 2008, which is the date of the entry of judgment against Witt. See [D.E. 10] 1. In support, Scottsdale cites Hall v. Harleysville Mutual Casualty Company, 233 N.C. 339, 64 S.E.2d 160 (1951). In Hall, the plaintiff alleged that the insured negligently operated a motor vehicle and proximately caused the death of the plaintiff's intestate. See id. at 340, 64 S.E.2d at 160. The plaintiff obtained a judgment against

5

the insured which was returned unsatisfied. See id., 64 S.E.2d at 160. Plaintiff then sued Harleysville Mutual Casualty Insurance Company as a third-party beneficiary of the insurance contract. See id., 64 S.E.2d at 160. Harleysville Mutual Casualty Insurance Company moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. See id., 64 S.E.2d at 160. The trial court denied the motion to dismiss, and Mutual Casualty Insurance Company appealed. See id., 64 S.E.2d at 160. The Supreme Court of North Carolina reviewed the insurance policy at issue and stated that, "where the policy of insurance is against liability and not of indemnity and the liability of the insured has been established by judgment, the injured person may maintain an action on the policy of insurance . . . ." Id., 64 S.E.2d at 160. Thus, the Supreme Court of North Carolina held that plaintiff had stated a breach of contract claim against the insurance company. See id., 64 S.E.2d at 160.

Hall does not help Scottsdale. In Hall, the Supreme Court of North Carolina held that analyzing precedent was not necessary because the policy itself provided the third-party beneficiary with the right of action once liability attached. See id. at 340, 64 S.E.2d at 160. Moreover, in Hall, the Supreme Court of North Carolina did not address an argument concerning the statute of limitations, and the plaintiff in Hall alleged that the judgment was returned unsatisfied. See id., 64 S.E.2d at 160. Thus, Hall comports with the Supreme Court of North Carolina's holding in Taylor v. Green, which recognized that a policy provision could alter the general rule not permitting a third party to proceed against the insurer until securing a judgment against the insured with an execution thereon returned unsatisfied. See Taylor, 242 N.C. at 158, 87 S.E.2d at 13.

Scottsdale also cites Lavender v. State Farm Mutual Auto Insurance Company, 117 N.C. App. 135, 450 S.E.2d 34 (1994). In Lavender, the plaintiff obtained a judgment against an insured party on July 5, 1989. See id. at 135–36, 450 S.E.2d at 35. On July 13, 1989, the insured party paid

6

the compensatory damages portion of the judgment, but did not pay the punitive damages portion of the judgment. See id. at 136, 450 S.E.2d at 35. On March 22, 1993, the plaintiff sued the insurance company and sought a declaration of his rights under the policy, including that the insurance company had to pay the punitive damages portion of the judgment. See id. at 135, 450 S.E.2d at 35. The insurance company argued that the three-year statute of limitations barred the claim because the plaintiff filed suit more than three years after obtaining the judgment against the insured. See id. at 136, 450 S.E.2d at 35. The North Carolina Court of Appeals cited Hall and held that the statute of limitations began to run "at the time of entry of judgment against the insured." Id., 450 S.E.2d at 35 (quotation omitted).

The court rejects Scottsdale's reliance on Lavender. In Lavender, the North Carolina Court of Appeals failed to cite or discuss the Supreme Court of North Carolina's decisions in Taylor v. Green and Small v. Morrison. Instead, the North Carolina Court of Appeals quoted a portion of Hall, but failed to note that the judgment in Hall was returned unsatisfied before the plaintiff filed suit. In Lavender, the North Carolina Court of Appeals also failed to note that the Supreme Court of North Carolina in Hall did not address when the clock began to run for purposes of the statute of limitations and that the three-year statute of limitations had expired whether the clock began running on July 5, 1989 or July 13, 1989. See Lavender, 117 N.C. App. at 136, 450 S.E.2d at 35. Thus, Lavender is not persuasive authority in predicting North Carolina law in this case.

Taylor v. Green or Small v. Morrison constitute the best precedent for predicting how the Supreme Court of North Carolina would rule on the parties' dispute concerning North Carolina law. See Twin City Fire Ins. Co., 433 F.3d at 369. Likewise, in light of Taylor and Small, the citation of Lavender in the treatise Couch on Insurance does not alter this conclusion. See id. Thus, the statute of limitations does not bar Romfo's breach of contract claim.

7

The North Carolina Declaratory Judgment Act "permits a litigant to seek a declaration of the rights or obligations of parties to a written contract when there is some dispute among the parties concerning those respective rights or obligations." White v. Chase Bank USA, N.A., No. 5:16-CV-00176-BR, 2017 WL 1131898, at *7 (E.D.N.C. Mar. 24, 2017) (unpublished) (quotation omitted); N.C. Gen. Stat. § 1-253 et seq. In order for a court to render a declaratory judgment, there must be an "actual controversy" between parties. See Marx Indus., Inc. v. Chestnut Ridge Foam, Inc., 903 F. Supp. 2d 358, 366 (W.D.N.C. 2012); Abbington SPE, LLC v. U.S. Bank, Nat'l Ass'n., No. 7:16-CV-249-D, 2016 WL 6330389, at *7 (E.D.N.C. Oct. 27, 2016) (unpublished), aff'd, 698 F. App'x 750 (4th Cir. 2017) (per curiam) (unpublished); Conner v. North Carolina Council of State, 365 N.C. 242, 258, 716 S.E.2d 836, 846 (2011). Under North Carolina law, a court may issue a declaratory judgment when: "(1) when it will serve a useful purpose in clarifying and settling the legal relations at issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." Conner, 365 N.C. at 258, 716 S.E.2d at 846 (quotation and alteration omitted); see Marx Indus., Inc., 903 F. Supp. 2d at 366. "Absent an enforceable contract right, an action for declaratory relief to construe or apply a contract will not lie." Terrell v. Lawyers Mut. Liab. Ins. Co., 131 N.C. App. 655, 661, 507 S.E.2d 923, 926–27 (1998).

A court sitting in diversity should look to federal standards to determine whether declaratory relief is appropriate. White v. Nat'l Union Fire Ins. Co., 913 F.2d 165, 167 (4th Cir. 1990); see Miller v. Augusta Mut. Ins. Co., 157 F. App'x 632, 635–36 (4th Cir. 2005) (per curiam) (unpublished). In order for a federal court to adjudicate a claim for a declaratory judgment, both Article III of the Constitution and the Federal Declaratory Judgment Act require an "actual controversy." Steffel v. Thompson, 415 U.S. 452, 458 (1974); 28 U.S.C. § 2201. A federal court has jurisdiction over a declaratory judgment action when three elements are met: "(1) the complaint

alleges an 'actual controversy' between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." Volvo Constr. Equip. N. Am. Inc. v. CLM Equip. Co., 386 F.3d 581, 592 (4th Cir. 2004). An actual controversy exists when the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests." Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–41 (1937).

Under both the federal and North Carolina law, Romfo has standing to bring his claim for declaratory relief. An actual controversy exists between Romfo and Scottsdale. Romfo is an injured party with a valid judgment against the insured party. See Miller, 157 F. App'x at 637–38; American Auto. Ins. Co. v. Murray, 658 F.3d 311, 318–19 (3d Cir. 2011). Additionally, under North Carolina law, Romfo has plausibly alleged a valid contractual right. See Craven v. Demidovich, 172 N.C. App. 340, 342, 615 S.E.2d 722, 724 (2005) ("[I]t is settled law that where the liability of the insured has been established by judgment, the injured person may maintain an action as a third-party beneficiary on the insured's policy of liability insurance.") (alterations, quotations, and emphasis omitted). Issuing a declaratory judgment will provide relief from uncertainty because both parties will learn whether Scottsdale is liable to pay the judgment Romfo obtained against Witt.

III.

In sum, the court DENIES defendant's motion to dismiss [D.E. 9].

SO ORDERED. This 27 day of December 2017.

JAMES C. DEVER III
Chief United States District Judge