IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-422-D

| | |
|---|---|
| RANDY R. ROMFO, | ) |
|     Plaintiff, | ) |
| v. | )    **ORDER** |
| SCOTTSDALE INSURANCE COMPANY, | ) |
|     Defendant. | ) |

This case comes before the court on the motion to compel (D.E. 21) by defendant Scottsdale Insurance Company ("defendant"). The motion seeks to compel plaintiff Randy R. Romfo ("plaintiff") to produce income and benefits records and/or provide signed authorizations for the release of those records. Plaintiff filed a response in opposition to the motion. *See* D.E. 24. For the reasons and on the terms set forth below, the motion will be allowed in part and denied in part.

## I. BACKGROUND

Plaintiff commenced this case in Wake County (North Carolina) Superior Court on 6 July 2017, and defendant removed it to this court on 18 August 2017. *See* Compl. (D.E. 1-1); Notice of Removal (D.E. 1). The case arises from injuries plaintiff suffered on 30 January 2004 in connection with tree removal work performed by Stephen Witt ("Witt"), who worked for C&S Tree Service, Inc. ("C&S Tree Service"). Compl. ¶¶ 7, 8. Plaintiff alleges that as a result of Witt's negligence, a tree limb fell on plaintiff, causing serious injuries (*id.* ¶ 8); at the time of the incident, plaintiff was not an employee of Witt, but an independent contractor (*id.* ¶¶ 10, 11); and Witt was then covered by a commercial general liability policy issued to him by defendant (*id.* ¶ 12).

On 12 August 2008, in a separate action plaintiff brought in Wayne County (North Carolina) Superior Court, he obtained a judgment against Witt and C&S Tree Service for his injuries in the amount of $1.5 million. *Id.* ¶ 42. Plaintiff requested that defendant pay this judgment, but it refused. *Id.* ¶ 50. Plaintiff subsequently commenced this action.

In his complaint, plaintiff alleges that he is an intended third-party beneficiary of the insurance policy defendant issued to Witt. *Id.* ¶¶ 70, 74. He asserts claims for declaratory judgment (*id.* ¶¶ 51-71) and breach of contract (*id.* ¶¶ 72-76) against defendant.

On 19 June 2018, defendant served plaintiff with its first set of requests for production of documents. Def.'s Disc. Req. (D.E. 22-2). Plaintiff served defendant with responses, including objections, and documents on 19 July 2018. Pl.'s Disc. Resp. (D.E. 22-3). Following conferral between counsel, plaintiff agreed to produce certain additional documents requested by defendant. After the parties could not come to an agreement on all of the outstanding requests, defendant filed the instant motion to compel, seeking either production of the documents requested or signed release authorizations for it to obtain them from third parties.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B). It requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id* (a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell*, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel that did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

3

Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

### III. ANALYSIS

#### A. Adequacy of Conferral

Plaintiff argues that defendant's motion to compel was unnecessary, in part, because the parties had not finalized their conferral efforts. Pl.'s Mem. (D.E. 24) 10. The court finds, though, that defendant has adequately demonstrated that it attempted to resolve the matters at issue without court intervention. Def.'s Mem. (D.E. 22) 2. The court will therefore proceed to consider the motion on its merits.

#### B. Internal Revenue Service (Request No. 3) and Industrial Commission/Workers' Compensation (Requests Nos. 6 and 7) Records

Defendant moves to compel plaintiff to produce Internal Revenue Service ("IRS") and Industrial Commission/Workers' Compensation records that plaintiff agreed to produce, but had not done so at the time the motion was filed. Plaintiff responds that he has since provided defendant with an authorization to obtain plaintiff's IRS tax records and a copy of the Industrial Commission/Workers' Compensation records sought. For these reasons, the portion of

4

defendant's motion seeking production of IRS records (Request No. 3) and Industrial Commission/Workers' Compensation records (Requests Nos. 6 and 7) is DENIED AS MOOT.

C.     **Disability Benefits Records (Requests Nos. 8, 9, and 10)**

Defendant seeks copies of any documents relating to plaintiff's application for or award of disability benefits (Request No. 8), and execution by plaintiff of two authorizations for release of records: (1) Social Security Form SSA-3288, Consent for Release of Information (Request No. 9), and (2) Form SSA-7050, Request for Earnings Information (Request No. 10).[1] Plaintiff objects to these requests on the grounds that the materials sought are not relevant to the claims or defenses in this lawsuit and that he cannot be compelled under Rule 34 to provide an authorization for release of records.

Defendant argues that the benefits records are relevant because information in them could show whether or not plaintiff was employed by Witt on the date of the incident. Such information could purportedly include information about imposition of liens to recoup payments covered by employment-based programs. Defendant contends that if plaintiff was employed, the Employer's Liability Exclusion and Workers' Compensation and Similar Laws Exclusion in defendant's policy would apply and the records would thereby reinforce defendant's affirmative defenses that plaintiff is not an intended third-party beneficiary of the policy.[2] Def.'s Mem. 6. The specific types of benefit records defendant seeks are Social Security records and, based on defendant's contention

---

[1] Specifically, Request No. 8 seeks, "every document relating in any way to any application, award, denial and/or appeal of disability benefits from any source, including the Social Security Administration." Request No. 9 asks plaintiff to "execute, date, and provide your address and telephone number on the attached Form SSA-3288, Consent for Release of Information, and return the original to undersigned counsel for defendant." And Request No. 10 asks plaintiff to "execute, date, and provide your address and telephone number on the attached Form SSA-7050, Request for Social Security Earning Information, and return the original to undersigned counsel for defendant."

[2] Specifically, in its answer, defendant asserts as its Sixteenth Affirmative Defense that "Plaintiff's claims are barred, in whole or in part, to the extent they are excluded and/or limited by the Workers' Compensation and Similar Laws Exclusion." Ans. 14 ¶ 16. Defendant's Seventeenth Affirmative Defense states that "Plaintiff's claims are barred, in whole or in part, to the extent they are excluded and/or lmited by the Employer's Liability Exclusion." *Id.* 14 ¶ 17.

that plaintiff's impairments may have qualified him for Medicare coverage, Medicare records pursuant to the Medicare Secondary Payer law, 42 U.S.C. § 1395y(b).

Plaintiff objects to production of the Social Security records on the grounds that they contain his medical records and his medical records are not relevant because he has not asserted any claims implicating his medical condition. He objects to production of Medicare records on the grounds that they would not contain information regarding his employment.

The court finds that the Social Security records that contain information regarding plaintiff's employment status are producible. Plaintiff does not dispute that they may contain such information, which is squarely at issue in this case in light of defendant's affirmative defenses. The Medicare records are also producible. Plaintiff has not convincingly shown that they could not contain information about his employment.

As to the authorizations sought by defendant, the court recognizes that there exists a split in authority as to whether under Rule 34 the court may compel a party to execute an authorization for the release of documents to another party. A case cited by plaintiff, which deals with medical records, explains the two schools of thought:

> There exists a division among courts about whether a court may order a party to provide a medical records release under Rule 34. The first view mainly looks to the plain language of Rule 34 to conclude that the records not in the possession of the served party are not available. Courts have also found that Rule 34 does not permit it to order a party's signature on a medical release form. The second view generally permits an order compelling a signature on a release form when a party has placed their medical records at issue in a case.

*Ayers v. Cont'l Cas. Co.*, No. CIV.A. 5:05-CV-95, 2007 WL 2156553, at *4 (N.D.W. Va. 25 July 2007). The *Ayers* court refused to compel plaintiffs to sign releases authorizing defendant to obtain medical records of plaintiffs, noting that the records could nevertheless be retrieved through service of a subpoena on the non-party. *Id.* Cases taking the contrary approach of requiring the

6

execution of releases enabling opposing parties to obtain documents include the following: *Jimoh v. Charlotte-Mecklenburg Hous. P'ship, Inc.*, No. CIV.3:08-CV-495-RJC-DCK, 2009 WL 4062881, at *2 (W.D.N.C. 20 Nov. 2009) (ordering plaintiff to execute medical release forms where she put her mental state at issue in the case); *Whatley v. S.C. Dep't of Pub. Safety*, No. 3:05-0042-JFA-JRM, 2006 WL 3918239, at *17 (D.S.C. 1 Sept. 2006) (directing plaintiff to "immediately execute any consent forms presented to him by defendants to enable defendants to obtain tax information directly from the Internal Revenue Service and the South Carolina Department of Revenue"), *rep. & recomm. adopted*, 2007 WL 120848 (10 Jan. 2007); *Teague v. Target Corp.*, No. 3:06-CV-191, 2006 WL 3690642, at *2 (W.D.N.C. 11 Dec. 2006) (allowing motion to compel that included a directive to plaintiff to provide executed authorization/release forms for her medical information).

The court finds that an appropriate course in this case is to require plaintiff to obtain the producible Social Security and Medicare records sought by defendant and then produce them to defendant. This approach enables plaintiff to exclude from production records or portions of records that contain information beyond the scope of production, such as medical information. Production of a log of excluded records and redactions would give defendant notice of the material not produced. Defendant would be responsible for payment of the government fees charged for production of the records.

The portion of defendant's motion to compel production of plaintiff's disability benefits records pursuant to Requests Nos. 8, 9, and 10 is therefore ALLOWED IN PART AND DENIED IN PART on the terms herein. No later than 27 March 2019, plaintiff shall submit a request to the appropriate Social Security office and appropriate Medicare office covering "every document relating in any way to any application, award, denial and/or appeal of disability benefits" by him.

7

Request No. 8. Counsel shall confer in an effort to reach agreement on the form and wording of the requests. Plaintiff shall serve on defendant each request at the time it is submitted. Within seven days after receipt of the records, plaintiff shall produce to defendant the records or portions of records containing information regarding his employment status on 30 January 2004. The records produced shall be accompanied by a log describing all records or portions of records plaintiff withheld from production and the basis for withholding them, and a supplemental response to Request No. 8 identifying by Bates stamp number all records produced. Defendant shall pay when due all government fees charged for producing records.

### D.  Employer Records (Request No. 5)

Production Request No. 5 asks plaintiff to execute a release for disclosure of employment and personnel records. The release directs the recipient to provide defense counsel with a certified copy of:

> Any and all employment records of yours or any other employment/volunteer facility in your possession pertaining to the employment/volunteer services of Randy R. Romfo, including, but not limited to any medicals records, job applications, test results, benefits provided, job description/title, payroll records, attendance records, performance evaluations, job reviews, records of disciplinary action(s) or investigation(s), date of termination and reasons therefore, correspondence, and any and all other records, written, printed or typed, relating in any manner to the undersigned.

Release (D.E. 22-2 at p. 10). Plaintiff objected on several grounds, including that the release is not permitted by the Federal Rules of Civil Procedure; is vague and ambiguous; and seeks information that is not relevant or likely to lead to the discovery of admissible evidence. Pl.'s Disc. Resp. 3.

Despite moving to compel a response to this request, defendant has not presented any argument as to its merit, as required. *See* Local Civ. Rule 7.2(a)(3), E.D.N.C. In addition, the release is overbroad on its face: it does not identify the proposed recipient(s), is not limited as to

8

time frame, and seeks innumerable records manifestly having no relevance to this case. The portion of defendant's motion to compel a response to Request No. 5 is therefore DENIED.

## IV. CONCLUSION

For the reasons stated and on the terms set forth above, IT IS ORDERED that defendant's motion to compel (D.E. 21) is ALLOWED IN PART and DENIED IN PART. Because the court finds that the award of expenses would be unjust, each party shall bear its own expenses incurred on the motion. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii), (C).

SO ORDERED, this 13th day of March 2019.

_____
James E. Gates
United States Magistrate Judge